

May 20, 2025

Clerk of Court
Fifth Circuit Court of Appeals
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: *Ambriz v. Hegar*, Case No. 23-50582

NOTICE OF SUPPLEMENTAL AUTHORITY

In *Maron v. Chief Financial Officer of Florida*, 2025 WL 1416665, at *1-2 (11th Cir. May 16, 2025), Exhibit A, the Eleventh Circuit addressed a Fifth Amendment Takings Clause challenge to the Florida Disposition of Unclaimed Property Act ("FDUPA"), Fla. Stat.§ 717.101, *et seq,* identical to Appellant's claims in this case. The Eleventh Circuit made three holdings relevant to this case.

First, it held that the plaintiffs have Article III standing to bring their claims and that their claims are ripe. *Id.*, at *3-7. The Court specifically rejected the argument that the plaintiffs' claims are not ripe because they have not yet made a refund claim and the CFO might reject their claim in its entirety for some unknown reason. *Id.*, at *5-7.

Second, the Eleventh Circuit held that pursuant to the *Ex Parte Young* doctrine, the Eleventh Amendment does not bar the plaintiffs' claims for declaratory and injunctive relief. *Id.*, at *7-8. It specifically held that the ongoing failure to pay just compensation constitutes an ongoing violation of federal law that plaintiffs seek to stop and that an order requiring Florida to pay just compensation on future claims thus constitutes prospective relief. *Id.*, at *7.

Third, it held that the plaintiffs have properly pleaded a viable takings claim. *Id.*, at *8-9. Distinguishing *Texaco, Inc. v. Short*, 454 U.S. 516 (1982), the Court held that the nonengagement with the property in issue by the plaintiff' which led to Florida taking it into custody did not constitute "abandonment" because FDUPA does not so declare it and, indeed, makes clear that the plaintiffs retain title to it while Florida has it in custody. *Id.* The Court also rejected on two bases the argument that FDUPA must be constitutional because it could have been written as an escheatment statute which supposedly would have been constitutional. *Id.*, at *9.

>   */s/Roger L. Mandel*
>   ROGER L. MANDEL
>   JEEVES MANDEL LAW GROUP, P.C.
>   Suite 135
>   2833 Crockett Street
>   Fort Worth, TX 76107
>   214-253-8300
>   rmandel@jeevesmandellawgroup.com
>   *Counsel for Plaintiffs-Appellants*

## **CERTIFICATE OF COMPLIANCE**

     This Notice of Supplemental Authority complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, as calculated by Microsoft Word, the body contains 305 words. This Notice complies with the typeface requirements of Rule 32(a)(5) and Fifth Circuit Rule 32.1 and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

>   */s/Roger L. Mandel*
>   Roger L. Mandel

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 20, 2025, the foregoing brief was electronically filed with the Clerk of the Court of the U.S. Court of Appeals for the Fifth Circuit by using the CM/ECF system. Lead counsel for all the parties are registered CM/ECF users and will be served by the CM/ECF system.

>   */s/Roger L. Mandel*
>   Roger L. Mandel